UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZACHARY S. SMITH, ) | |
| ) | |
| Plaintiff, ) | Case: 1:21-CV-04338 |
| ) | |
| v. ) | Judge Virginia M. Kendall |
| ) | |
| BOARD OF EDUCATION OF THE CITY ) | Magistrate Judge Sunil R. |
| OF CHICAGO, ) | Harjani |
| ) | |
| Defendant. ) | Jury Trial Demanded |
| ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, Zachary Smith ("Plaintiff" or "Zachary"), through counsel, sets forth this complaint against the Defendant, Board of Education of the City of Chicago ("Defendant") as follows:

**INTRODUCTION**

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII"), for Defendants': (1) race based discrimination against Plaintiff in violation of Title VII and (2) retaliation against Plaintiff in violation of Title VII. This lawsuit also arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, et seq. ("ADEA"), for Defendants': (3) age-based discrimination against Plaintiff in violation of the ADEA and (4) retaliation against Plaintiff in violation of the ADEA. Lastly, this lawsuit also arises under the (5) common law claim of retaliatory discharge, and (6) the Defendant's violation of the Illinois Whistleblower Act 740 ILCS 174/1, et seq.

**PARTIES AND JURISDICTION**

2. The plaintiff is Zachary S. Smith resides in Cook County in the state of Illinois.

3. The defendant is Board of Education of the City of Chicago, whose street address is 42 W. Madison St. Chicago, Illinois 60602 (Cook County). Defendant's telephone number (773) 553-1064.

4. The plaintiff sought employment or was employed by Defendant in Chicago, Illinois 60602 (Cook County).

5. This Honorable Court has jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. §1331, arising under 42 U.S.C. §2000e, et seq. and ADEA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §621, et seq.

6. Counts V and VI have pendent jurisdiction and supplementary jurisdiction through 28 U.S.C. Sec. 1367.

7. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

8. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

   a. A charge of employment discrimination on basis of age and race discrimination, retaliation and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from EEOC on or about May 24, 2021.

   c. The Original Complaint was filed within the 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

## STATEMENT OF FACTS

9. Plaintiff started working for Defendant in or around September 2017.

10. Plaintiff was an equipment support technician.

11. Plaintiff's job as an equipment support technician involved assessing and appraising kitchen equipment or other equipment (collectively the "equipment") that potentially could be used in schools.

12. The equipment that was repairable or still in working condition was sent to schools that needed it and the equipment that was not repairable would be sent to the "Warehouse".

13. At some time during Plaintiff's employment with the Defendant, his Supervisor (Anthony) would intercept "good equipment" and have that equipment be sent over to the warehouse where not only Anthony, but also the Warehouse Manager (Shamin) and Warehouse Dock Supervisor (Joe), Warehouse Supervisor (Paul), and others would steal the equipment from the warehouse so that they could personally sell the equipment (government property) for personal profit.

14. Plaintiff reported this illegal activity to Human Resource Supervisor, Ariel Dickson, and Human Resource's Rise Department, and Maurice Sisson on multiple occasions.

15. After Plaintiff's reporting the illegal activity (protected activity) and such reports were ignored, his supervisor, Jason, retaliated against him by verbally assaulting him, giving Plaintiff baseless negative performance reviews, which led to Plaintiff's termination.

16. During his employment with Defendant, Plaintiff was also discriminated on the basis of his race, which is African American.

17. During his employment with Defendant, Plaintiff was discriminated on the basis of his age, which was 58 years old at the time of termination.

18. During his employment with Defendant, Plaintiff was repeatedly subjected to slurs and

epithets on the basis of his race, which is African American.

19. During his employment with the Defendant, Plaintiff was repeatedly treated less favorably than similar situated non-African American employees.

20. During his employment with the Defendant, Plaintiff was repeatedly treated less favorably than similar situated employees that were less than forty years old.

21. Specifically, Plaintiff was subjected to slurs and comments from Jason, Plaintiff's supervisor. For instance, one day Anthony told Plaintiff, "I can do anything I wants to you and no one will do anything about it!" The supervisor also said, "Zach looks fragile and slender like my father, but darker."

22. This made Plaintiff feel highly upset because Jason's repeated acts of discrimination on the basis of Plaintiff's age and race.

23. Supervisor Anthony repeatedly called Plaintiff frail, referring to his age. Supervisor Anthony would talk down to the lead and tell him and other African Americans to shut up and would yell and berate African-American employees in front of other non-African American employees. They were all treated differently.

24. Supervisor Anthony told the lead, "you will never get a raise, you will never get promoted and I will not help you get more money!"

25. Plaintiff complained to Human Resources and to Maurice Sisson (Equipment and Construction Coordinator), of the repeated slurs and epithets regarding Supervisor Jason behavior of whistleblower retaliation, race and age discrimination.

26. Human Resources ignored Plaintiff's complaints.

27. As a result of his complaints being ignored, Supervisor Jason continued to subject Plaintiff to negative reviews, which led to Defendant terminating Plaintiff's employment.

4

28. Defendant's conduct in allowing Supervisor Jason to conduct illegal activity (selling government property for personal gain), discriminating Plaintiff on the basis of his age and race, and terminating Plaintiff's employment was retaliatory, due to the fact that he reported the illegal activity, race discrimination, and age discrimination to Human Resources, and Maurice Sisson.

29. Zachary S. Smith (African-American male over 40 years of age) was subjected to different terms of employment while other similar situated employees that were younger and/or non-African American were able to. Defendant's discriminatory treatment of the Plaintiff on the basis of his age and race that led to the discriminatory and wrongful termination by Defendant.

30. The defendant is not a federal governmental agency, and the plaintiff filed a charge against the defendant asserting the acts of discrimination indicated in this complaint with any of the United States Equal Employment Opportunity Commission, and the Illinois Department of Human Rights, on or about May13, 2021. **A true and accurate copy is attached as Exhibit 1.**

31. It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

**COUNT 1**
**Demand for Relief for race-based discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.**

32. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

33. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

34. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title

VII of the Civil Rights Act of 1964.

35. As a direct and proximate result of the above-alleged willful and reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

36. By reason of Defendant's discrimination, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

37. The Plaintiff demands that the case be tried by a jury.

## COUNT II
**Demand for relief for retaliation in violation of 42 U.S.C. §2000e, et seq.**

38. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

39. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the national origin based discrimination and slurs, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

40. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

41. As a direct and proximate result of the above-alleged willful and reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

42. By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

43. The Plaintiff demands that the case be tried by a jury.

## COUNT III
**Demand for Relief for age-based discrimination in violation of Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, et seq.**

44. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

45. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his age, 58 years old, in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, et seq.

46. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the Age Discrimination in Employment Act.

47. As a direct and proximate result of the above-alleged willful and reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

48. By reason of Defendant's discrimination, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under the Age Discrimination in Employment Act.

49. The Plaintiff demands that the case be tried by a jury.

## COUNT IV
### Demand for relief for retaliation in violation of 29 U.S.C. §621, et seq.

50. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

51. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the age discrimination, thereby violating the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, et seq.

52. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of the Age Discrimination in Employment Act.

53. As a direct and proximate result of the above-alleged willful and reckless acts of

Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

54. By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under the Age Discrimination in Employment Act.

55. The Plaintiff demands that the case be tried by a jury.

## COUNT V
## Common law retaliatory discharge

56. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

57. This Court has pendent jurisdiction and supplementary jurisdiction of this count through 28 U.S.C. Sec. 1367. Venue for the acts alleged below is proper in this District.

58. Illinois common law recognizes a cause of action for retaliatory discharge.

59. Plaintiff's employment was terminated by the Defendant.

60. Plaintiff's discharge was in retaliation for action of the Plaintiff's protected activity of reporting the illegal activity.

61. The termination of Plaintiff's employment violates a clear mandate of public policy.

62. By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under common law.

63. The Plaintiff demands that the case be tried by a jury.

## COUNT VI
## Violation of Illinois Whistleblower Act, 740 ILCS 174/1, et seq.

64. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

65. This Court has pendent jurisdiction and supplementary jurisdiction of this count through

28 U.S.C. Sec. 1367. Venue for the acts alleged below is proper in this District.

66. This action is brought pursuant to the Illinois Whistleblower Act, 740 ILCS 174/1, et seq., as amended, (IWA); the Court has jurisdiction of this count per 740 ILCS 174/1. 3-37.

67. During Plaintiff's employment, Plaintiff made numerous reports to Human Resource Supervisor, Ariel Dickson, Human Resource's Rise Department, and Maurice Sisson of the illegal activity that is briefly described above (stealing and selling government property for personal gain).

68. Plaintiff also reported the race and age discrimination to Human Resource Supervisor, Ariel Dickson, Human Resource's Rise Department, and Maurice Sisson.

69. After Plaintiff reported the illegal activity and discrimination, the next evaluation of that was performed by the Supervisor Anthony was negative. Must be remembered, Supervisor Anthony was the main "bad actor" that the Plaintiff reported to Human Resources about.

70. Supervisor Anthony and other "bad actors" that were associated in the illegal activity were aware that Plaintiff reported them for such illegal activity and discrimination based on age and race.

71. Notwithstanding Plaintiff's adequate performance since he was hired in September 2017, Supervisor Anthony and other supervisors retaliated against Plaintiff for reporting illegal activity and discrimination based on age and race by falsely lowering his performance rating, resulting in no salary increase for Plaintiff or no monetary raise for Plaintiff and Plaintiff suffering substantial lost wages, which also led to Plaintiff being terminated from employment.

72. As a result of Defendant's retaliatory actions against Plaintiff, he has suffered substantial lost wages and sever mental anguish.

73. All of the Defendant's intentional retaliatory acts above based upon Plaintiff's reports of

illegal activity and discrimination based on age and race are in violation of the Illinois Whistleblower Act, 740 ILCS 174/1, et seq., as amended.

74. Plaintiff is an employee and Defendant is an employer per 740 ILCS 174/5.

75. Defendant's decisions above caused Plaintiff emotional distress, lost wages, humiliation and loss of reputation and has further potential for lost non-discretionary bonuses, lost retirement contributions or earnings, and lost opportunities for advancement and, or promotion preventing his right to pursue his career free from retaliation.

76. As a further result of Defendant's intentional retaliatory acts above, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, loss of dignity, and embarrassment.

77. The unlawful retaliatory employment practices complained of above were and are done with malice or with reckless indifference to the protected rights of employees including Plaintiff, in violation of the Illinois Whistleblower Act.

78. All of the above violates the IWA, 740 ILCS 174/1, et seq., as amended.

79. The Plaintiff demands that the case be tried by a jury.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in his favor and against Defendant as follows:

    A. Declare Defendant's conduct unlawful in violation of Title VII;

    B. Declare Defendant's conduct unlawful in violation of the Age Discrimination in Employment Act;

    C. Declare Defendant's conduct unlawful in violation of common law retaliatory discharge;

D.  Declare Defendant's conduct unlawful in violation of the Illinois Whistleblower Act;

E.  Award Plaintiff the value of all compensation and benefits lost as a result of Defendant's unlawful conduct;

F.  Award Plaintiff any and all applicable compensatory and punitive damages;

G.  Award Plaintiff his reasonable attorneys' fees and costs;

H.  Award pre-judgment interest; and

I.  Award Plaintiff any and all other such relief as the Court deems just and proper;

Dated January 14, 2022                             Respectfully submitted,

                                                   s/Nathan C. Volheim

                                                   **Nathan C. Volheim, Esq.**
                                                   Sulaiman Law Group Ltd.
                                                   2500 S. Highland Avenue, Suite 200
                                                   Lombard, Illinois 60148
                                                   Phone (630) 568-3056
                                                   Fax (630) 575 - 8188
                                                   nvolheim@sulaimanlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Elizabeth K. Barton / ekbarton@cps.edu
Rashad A. Simmons / rasimmons@cps.edu
Board of Education of the City of Chicago
One North Dearborn Street
Law Department, Suite 900
Chicago, Illinois 60602
(773) 553-1700

By: s/ Nathan C. Volheim